

**DECHERT**

May 19, 2026

<u>**VIA ECF**</u>

The Honorable Philip M. Halpern
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Dechert LLP

Application granted. A telephone conference has been scheduled for June 22, 2026 at 11:00 a.m. At the time of the scheduled conference, all parties shall call the following number: (855) 244-8681; access code 2317 236 5283.

SO ORDERED.

_____

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
          May 22, 2026

**Re: *Cori-Schubert De Cori v. HASelect-Waterford LLC, et al.*, No. 7:26-cv-01513**

Dear Judge Halpern:

Pursuant to Rule 2(C), Marcum LLP ("Marcum") respectfully requests a pre-motion conference regarding its motion pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) to dismiss.

## I.      THE CLAIMS AGAINST MARCUM ARE UNTIMELY.

The malpractice claim is barred by the three-year statute of limitations, CPLR § 214(4), which runs from the date of the audit report (not from discovery), *Williamson v. PricewaterhouseCoopers LLP,* 9 N.Y.3d 1, 7-8 (2008); *RGH Liquidating Tr. v. Deloitte & Touche LLP*, 47 A.D.3d 516, 517 (1st Dep't 2008). Plaintiff purchased an investment interest between 2017 and December 31, 2021 (Compl. ¶¶ 18, 127), and redemptions were no longer possible after December 28, 2021 (Compl. ¶ 110). The last audit report Plaintiff could have relied on in deciding to purchase, or in continuing to hold its interest until December 28, 2021, was the report for the year ended December 31, 2020, which was dated April 20, 2021. Marcum's report for the next year was dated April 26, 2022, after Plaintiff had purchased its interest and after Waterford stopped redeeming interests. The complaint was filed more than three years after December 28, 2021.

Because the aiding and abetting claim is premised upon the same allegations about Marcum's audits reports (*see* Compl. ¶¶ 270-277) as the professional malpractice claim, it should

be dismissed as duplicative, *see Holtkamp v. Parklex Assocs.*, 926 N.Y.S.2d 344, 2011 WL 621122, at \*14 (Sup. Ct. Kings Cnty. Feb 22, 2011), *aff'd*, 94 A.D.3d 819 (2012), and because it is untimely under the applicable three-year statute of limitations in CPLR § 214(4), *Hudson v. Delta Kew Holding Corp.*, 2014 WL 1924324, at \*4 (Sup. Ct. Suffolk Cnty. April 22, 2014).

Plaintiff may not rely on *Cori-Schubert De Cori v. HA-Select Waterford LLC et al.*, No. 2025CH04936 (Ill. Cir. Ct., Cook Cnty. 2025), and New York's savings statute, CPLR § 205(a), because Marcum was not a defendant in that action, *see Raji v. SG Americas Sec., LLC,* 133 N.Y.S.3d 789, 790 (1st Dep't 2020), and because the claims against Marcum, if they had been asserted there, would have been untimely as that action also was not filed within three years of the audit reports, CPLR § 205(a).

The continuous representation doctrine, derived from medical malpractice cases where a doctor maintains an on-going relationship with a patient, does not apply for two reasons: *first*, the doctrine does not apply where, as here, Marcum and its audit client (Waterford) entered into a new engagement agreement each year that specified that each annual engagement would end upon delivery of the audit report for that year, *Williamson v. PricewaterhouseCoopers LLP,* 9 N.Y.3d 1, 9-11 (2008), and, *second*, Marcum, which was engaged by Waterford to audit its financial statements, had no professional relationship with Plaintiff, *see Town of Greenburgh v. Spectraserv, Inc.*, 2010 WL 11712813, at \*5-8 (S.D.N.Y., 2010); *Moskowitz v. Fischer*, 2022 WL 1483958, at \*3-5 (Sup. Ct. Suffolk Cnty. May 03, 2022) (no continuous representation where "the plaintiff did not have a direct professional relationship with the defendants").

Equitable estoppel is also unavailable to Plaintiff: *first*, equitable estoppel, derived from medical malpractice cases where a doctor maintains an on-going relationship with a patient, does not apply where there was no professional relationship between the plaintiff and the defendant, *see*

2

*Simcuski v. Saeli*, 44 N.Y.2d 442, 447-48 (1978) (defendant physician whose negligently performed surgery caused spinal injury fraudulently told plaintiff that her pain would disappear if she continued treatment and physiotherapy, which induced her to refrain from filing a timely medical malpractice action), and, *second*, equitable estoppel only applies where the defendant takes additional steps, beyond failing to disclose the original wrongdoing, to induce the plaintiff not to file a timely action, *see Zumpano v. Quinn*, 6 N.Y.3d 666, 674-75 (2006); *Cusimano v. Schnurr,* 27 N.Y.S.3d 135, 140-41 (1st Dep't 2016). Plaintiff alleges that Marcum was engaged annually to audit the financial statements of its client Waterford; Plaintiff alleges no separate conduct on the part of Marcum to induce Plaintiff not to file a timely action (Compl. ¶ 183).

## II.    THE MALPRACTICE CLAIM FAILS AS A MATTER OF LAW.

The professional malpractice claim, asserted under New York law (Compl. ¶¶ 247-64), fails for lack of near-privity. *Credit Alliance Corp. v. Arthur Andersen & Co.,* 65 N.Y.2d 536, 551 (1995); *Parrott v. Coopers & Lybrand*, 95 N.Y.2d 479, 483 (2000). *First*, the "particular purpose" or "end and aim" of the audits was not to provide information to Plaintiff to make investment decisions, but to satisfy the SEC Investment Advisers Act and the custody rule, 17 C.F.R. § 275.206(4)-2, which govern how investment advisers maintain custody of client assets and which provide an exemption from regulatory requirements for advisers who distribute annual audited financial statements. (Compl. ¶¶ 131, 253.) *See Securities Investor Protection Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 74-75 (2d Cir. 2000) (Sotomayor, C.J.). *Second*, Plaintiff was not a "known" party who was intended to rely on Marcum's audit reports for such purpose. *Sykes v. RFD Third Ave. 1 Assocs., LLC*, 15 N.Y.3d 370, 373-74 (2010); *M&T Bank Corp. v. McGraw Hill Cos., Inc.*, 126 A.D.3d 1414, 1418 (4th Dep't 2015); *Stephenson v. PricewaterhouseCoopers, LLP,* 482 F. App'x 618, 621-22 (2d Cir. 2012). *Third*, Plaintiff alleges no "linking" conduct.

3

*See Securities Investor Protection Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 75-76 (2d Cir. 2000). Addressing an audit report to investors is inadequate. *Meridian Horizon Fund, LP v. KPMG (Cayman),* 487 F. App'x 636, 642 (2d Cir. 2012) (summary order); *Sandalwood Debt Fund A, L.P. v. KPMG LLP,* 2013 WL 3284126, at *6 (N.J. Super. Ct. App. Div. July 1, 2013); *CRT Invs., Ltd. v. BDO Seidman, LLP*, 85 A.D.3d 470, 472 (1st Dep't 2011); *Prime Plus Acquisition Corp. v. Eisneramper LLP*, 2015 WL 8490460, at *6-7 (Sup. Ct. N.Y. Cnty. Dec. 10, 2015). Sending a questionnaire to a valuation firm as part of audit procedures (Compl. ¶ 252) is inadequate. *CRT Invs., Ltd. v. Merkin*, 918 N.Y.S.2d 397, 2010 WL 4340433, at *12 (Sup. Ct. N.Y. Cnty. May 5, 2010), *aff'd*, 85 A.D.3d 470 (1st Dep't 2011); *LaSalle Nat'l Bank v. Ernst & Young LLP*, 285 A.D.2d 101, 106-08 (1st Dep't 2001).

Plaintiff's alternative theory of gross negligence (Compl. ¶ 256) fails because New York law does not recognize such claims against accountants unless they rise to the level of scienter-based fraud. *See Equitable Life Assurance Soc. v. Alexander Grant & Co.,* 627 F. Supp. 1023, 1031, 1033 (S.D.N.Y. 1985); *HSA Residential Mortgage Servs. of Texas v. Casuccio*, 350 F. Supp. 2d 352, 363, 369 (E.D.N.Y. 2003). As Plaintiff admits (Compl. ¶ 259), Plaintiff must show that Marcum conducted "no audit at all," *CRT Invs., Ltd. v. Merkin*, 918 N.Y.S.2d 397, 2010 WL 4340433, at *12 (Sup. Ct. N.Y. Cnty. May 5, 2010), *aff'd,* 85 A.D.3d 470 (1st Dep't 2011); *Bd. of Trustees of 1199 SEIU Reg'l Pension Fund v. Arcara & Borczynski, LLP*, 998 N.Y.S.2d 305, 2014 WL 4358393, at *7 (Sup. Ct. Erie Cnty. Aug. 19, 2014), but the complaint alleges no such thing and indeed acknowledges that Marcum conducted audits as documented in extensive work papers (Compl. ¶¶ 45-47, 56, 62-63, 88-89, 99-108, 138, 174, 273). Alleged violations of professional standards are inadequate. *Stephenson v. PricewaterhouseCoopers*, LLP, 768 F. Supp. 2d 562, 573-75 (S.D.N.Y. 2011) (summary order); *Special Situations Fund III QP, L.P. v. Deloitte Touche*

4

*Tohmatsu CPA, Ltd.,* 33 F. Supp. 3d 401, 428 (S.D.N.Y. 2014). Plaintiff's alleged "red flags" (Compl. ¶¶ 85-89) are inadequate, as allegations of unremarkable disclaimers and of mere "access" to information are not red flags. *Special Situations Fund III,* 33 F. Supp. 3d at 428-33, 446.

The "holder" claim (based on the contention that Plaintiff continued to hold and did not redeem in reliance on Marcum's audit reports) is invalid because the better reasoned authorities reject holder claims under New York law, *see Varga v. McGraw Hill Fin., Inc.*, 147 A.D.3d 480, 481 (1st Dep't 2017); *Starr Foundation v. AIG, Inc.*, 76 A.D.3d 25, 33 (1st Dep't 2010); *Feinberg v. Marathon Pat. Grp. Inc.*, 193 A.D.3d 568, 571 (1st Dep't 2021), and because in any event Plaintiff's holder claim is too speculative, *Starr Foundation,* 76 A.D.3d at 28-33.

## III.    THE AIDING AND ABETTING CLAIM FAILS AS A MATTER OF LAW.

Plaintiff does not plead actual knowledge and substantial assistance. *Glob. Mins. & Metals Corp. v. Holme,* 35 A.D.3d 93, 101-02 (1st Dep't 2006). Disclaimers in third-party valuation reports (Compl. ¶ 267(a)) do not show actual knowledge of wrongdoing. Mere _access_ to data (Compl. ¶ 267(b)) does not show knowledge of wrongdoing. Policy markups (Compl. ¶ 267(c)) were consistent with Waterford's business model of purchasing bargain policies (Compl. ¶¶ 31-32) and so not inherently suspect. Plaintiff does not allege that Marcum was aware of any implied discount rate discrepancy. (Compl. ¶ 268.) As for substantial assistance, Plaintiff makes no allegations of how Marcum helped anyone breach a fiduciary duty, *Kaufman v. Cohen*, 307 A.D.2d 113, 126 (1st Dep't 2003), but rather relies on allegations of routine professional auditing services (Compl. ¶ 270), which is legally insufficient, *CRT Invs., Ltd.,* 85 A.D.3d at 472.

Dated: May 19, 2026

                                        Respectfully submitted,

                                        Gregory G. Ballard

                                        CC:     All counsel of record (*via ECF*)