

## Christopher J. Gray, P.C.

One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10165
212.838.3221 VOICE
212.937.3139 FACSIMILE

G

June 4, 2026

**VIA ECF**

Hon. Philip M. Halpern, U.S.D.J.
United States District Court,
Southern District of New York
300 Quarropas Street,
White Plains, NY 10601

Re:    *Cori-Schubert De Cori v. HASelect-Waterford LLC, et al.*, No. 7:26-cv-01513 (PMH)

Dear Judge Halpern:

Plaintiff respectfully submits this opposition to the Griffin Defendants'[1] June 2, 2026 pre-motion letter under Rules 2(C) and 4(C)(iii) of Your Honor's Individual Practices. The proposed motion to dismiss Count III is futile and would only delay the discovery the Court would otherwise direct at a Rule 16 initial conference. Plaintiff respectfully asks the Court to (1) deny leave to file the proposed motion, and (2) set this matter for the initial conference contemplated by Rule 2(B), so that discovery may commence in the ordinary course. By its own terms, Rule 4(C)(iii) provides only that transmittal of a pre-motion letter "stays the time to answer or move to dismiss until further order of the Court" — it does not stay discovery, and none is warranted here.

---

[1] Capitalized terms not defined herein are intended to have the meanings assigned in the Complaint.

1

1.      **The Complaint itself is the notice of election to rescind.** Illinois requires no separate pre-suit notice. A complaint with sufficiently specific allegations seeking rescission under the Act serves as the notice required by 815 ILCS 5/13(B). *Norville v. Alton Bigtop Restaurant, Inc.*, 22 Ill. App. 3d 273, 284, 317 N.E.2d 384 (5th Dist. 1974) ("Personal service of summons and complaint appears sufficient to satisfy the notice requirements of section 13B under a liberal reading of the statute"; a complaint with sufficiently specific allegations may serve as a "notice of an election to void the sale of securities"). The Complaint expressly invokes the Illinois Securities Law (Compl. ¶¶ 238–239) and demands rescission — which Defendants concede is "[t]he sole remedy available" under §12 (Letter at 1) — "(return of all consideration paid less amounts distributed plus interest)" (¶ 246), with damages pleaded only in the alternative under Fed. R. Civ. P. 8(d)(2). That is the *Norville* notice; Defendants' footnote 4 misframes the inquiry — under *Norville*, filing the claim *is* the compliance. Because Count III turns on substantive Illinois law, this Court applies Illinois authority on this question, and as far as Plaintiff's research reveals, no Illinois court has held that a complaint cannot serve as the §13(B) notice.

2.      **The Cook County complaint provided the notice on the very day Defendants impute knowledge.** Defendants impute knowledge of "the underlying allegations" to Plaintiff "by no later than May 2, 2025." On that same day, Plaintiff filed the Cook County complaint asserting "substantially similar claims" against these Defendants "based on the same core factual allegations asserted herein" (Compl. ¶ 172). Under *Norville*, that filing was the notice. Zero days elapsed between Defendants' imputed-knowledge date and notice. The six-month clock cannot have run.

3.      **The trigger is the Plaintiff's knowledge of voidability — not knowledge of facts — and that date is a question of fact.** The Seventh Circuit holds that the six-month period "is not a statute of limitations, but is an 'equitable feature' to protect against stale claims," and "does

2

not begin until the purchaser is aware that his or her purchase is voidable." *Jacks v. Schneider Securities, Inc.*, 217 F.3d 525, 527 (7th Cir. 2000) (citing *Hidell v. Int'l Diversified Invs.*, 520 F.2d 529, 539 (7th Cir. 1975)). And "[d]etermining that date is a question of fact," *Buehl v. Dayson*, 127 Ill. App. 3d 958, 964, 469 N.E.2d 403 (5th Dist. 1984); accord *766347 Ontario Ltd. v. Zurich Capital Mkts. Inc.*, 249 F. Supp. 2d 974, 989 (N.D. Ill. 2003) ("Knowledge that a sale of securities is voidable is a mixed question of law and fact."). Even Defendants' lead authority, *In re Bibox Grp. Holdings Ltd. Sec. Litig.,* No. 1:20-cv-02807, 2021 U.S. Dist. LEXIS 101483 at *4 (S.D.N.Y. May 28, 2021), adopts *Buehl*'s framework — relying on it for the very constructive-knowledge rule Defendants invoke (Letter at 4 n.6).

       4.      ***Bibox* is distinguishable and confirms the inquiry is factual.** Bibox involved "Illinois Blue Sky liability for sale of unregistered securities," and stated that "actual knowledge of non-registration is a factor in ascertaining the date of … constructive knowledge." *Id.* at *6. Non-registration is a publicly-available fact that is black and white- securities are either registered, or they aren't.  Here the Griffin Defendants actively concealed the alleged manipulation: they represented L&E as an independent valuation source while withholding L&E's own disclaimers from investors (Compl. ¶¶ 59–64); issued ongoing false financial statements and false wind-down assurances through March 2025 (¶ 183); and the public events Defendants invoke (gating, wind-down, the 2023 investor demand) "could be explained by legitimate causes that do not involve fraud" (¶ 181). Defendants' reliance on Marcum's audit reports (Letter at 4, citing ¶¶ 59–60) is circular: those reports are themselves the alleged misrepresentations, not knowledge of voidability. Plaintiff "could not have discovered" the manipulation "before 2024–2025 despite reasonable diligence because the fraud was inherently self-concealing and actively concealed" (¶ 179). *Bibox* dismissed because that plaintiff's discovery-date allegation was a conclusory statement that the

plaintiff "learned that the sale was voidable under Illinois law within six months prior to the filing of the original Complaint"; here, it is specifically pleaded. *Cf.* ¶ 179 with *Bibox*, 2021 U.S. Dist. LEXIS 101483 at *6.

5.     **Rule 9(b): The Complaint supplies the who, what, when, where, and how.** Defendants quote ¶ 240 — the count's summary recitation of the violative conduct — and ignore the 236 preceding factual paragraphs that ¶ 237 incorporates. Read as a whole, the Complaint pleads the **who** (GAM "determines [the] discount rates," ¶ 24; GCM holds "sole discretion to determine NAV" and "delegated discount rate determinations to … GAM," ¶¶ 36–37; Griffin is the principal of both, ¶ 25); the **what** (systematic 10–12% discount rates against arms'-length market evidence of 15–18%+, ¶¶ 40–44, 55–56; policy-by-policy upfront markups on identified policies WG025, WG034, WG126, and WG035, ¶¶ 46–48; false "independent validation" representations, ¶¶ 59–64); the **when** (every quarterly NAV calculation, 2017–2021, ¶¶ 75–77); and the **where and how** (quarterly reports, audited financials, and offering documents distributed to investors, ¶¶ 126, 185; the December 28, 2021 newsletter, ¶ 157; the November 2021 webinar, ¶ 154).[2]

6.     **The fraudulent-concealment allegations are particularized, and Section 13(D) is satisfied on the face of the Complaint.** The Complaint identifies the concealed facts (L&E's express disclaimers withheld from investors, ¶¶ 62–64; the actual discount-rate methodology not disclosed in audit reports, ¶¶ 59–60); identifies how concealment prevented discovery (the public events Defendants invoke had legitimate explanations, ¶ 181); and pleads due diligence (¶ 179) —

---

[2] "The degree of particularity required will necessarily vary depending on the circumstances." *Shailja Gandhi Revocable Trust v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 870 (7th Cir. 2013) — the Seventh Circuit decision in the same *Gandhi* litigation Defendants invoke. "Rule 9(b) does not require plaintiffs to plead facts to which they lack access prior to discovery." *Katz v. Household Int'l, Inc.*, 91 F.3d 1036, 1040 (7th Cir. 1996).

the three elements of *Ellul v. Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014). And 815 ILCS 5/13(D)'s built-in fraud-discovery rule independently makes the claim timely on its face: the Complaint pleads discovery in 2025 (¶ 245) and this action was filed February 23, 2026. Defendants' premise that Plaintiff suffered no harm after the December 2021 gating (Letter at 5) ignores ¶ 190, which alleges the Griffin Defendants' ongoing extraction of management, incentive, and platform fees from 2017 through 2024 and into 2025–2026.

7.    **Griffin Defendants raise contested issues of fact.** Each ground Defendants advance turns on a factual determination the Court cannot make at the pleadings: when Plaintiff acquired constructive knowledge of voidability (*Buehl*: "a question of fact"; *766347 Ontario*: "a mixed question of law and fact"); what specific concealment occurred and when (Compl. ¶¶ 59–64, 179, 183); and when reasonable diligence would have led to actual knowledge (¶ 179). Defenses of this character "often require[] consideration of facts outside of the complaint and thus [are] inappropriate to resolve on a motion to dismiss." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 153 (2d Cir. 2024) (quoting *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)); see *Clark v. Hanley*, 89 F.4th 78, 94 (2d Cir. 2023) (such a defense supports dismissal only where it "appears on the face of the complaint"). The face of this Complaint shows the opposite — an immediate rescission election, particularized concealment, and 2025 discovery.

The proposed motion will not narrow this case; at best it would preview arguments for summary judgment after discovery on the same factual issues. Nothing in Rule 4(C)(iii) — which stays only "the time to answer or move to dismiss" — supports the broader discovery stay the proposed motion would, in practical effect, impose. The Court should deny leave, set the Rule 2(B) initial conference, and direct discovery to commence.

Respectfully submitted,

*/s/ Christopher J. Gray*

CHRISTOPHER J. GRAY

Copy:  All Counsel of Record
       (Via ECF Only)

6