SHEA LARSEN

Bart K. Larsen, Esq.
blarsen@shea.law

Application granted. This anticipated motion
will also be discussed at the conference
scheduled for June 22, 2026 at 11:00 a.m.

SO ORDERED.

_____

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        June 5, 2026

*Via ECF*

The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> **Re:    *Cori-Schubert De Cori v. HASelect-Waterford, LLC, et al.*
>          *Case No. 7:26-cv-01513***

Dear Judge Halpern:

I am lead counsel[1] for HASelect Waterford, LLC, Griffin Capital Management LLC, Griffin Asset Management, LLC, and Michael Griffin (collectively, the "<u>Griffin Defendants</u>"), who respectfully request a pre-motion conference regarding their motion to dismiss Plaintiff's third claim for relief for violations of Sections 12(F) and 12(G) of the Illinois Securities Law of 1953 (the "<u>ISL Claim</u>") pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

## I.    PLAINTIFF FAILED TO COMPLY WITH ILLINOIS LAW

Plaintiff's ISL Claim is based on 815 ILCS 5/12 (F) and (G).[2]  The sole remedy available under these statutes is recission of Plaintiff's investment.  *See Stauffer v. Westmoreland Obstetric & Gynecologic Assocs.*, No. 00 C 1242, 2001 U.S. Dist. LEXIS 6987, *20 (N.D. Ill. May 25, 2001) ("recission is the only remedy available for a violation of Section 12 [of the ISL]").

---

[1] A *pro hac vice* application for my admission is being drafted by the Griffin Defendants' local counsel, Lennon, Murphy & Phillips, LLC, who have filed a Notice of Appearance (ECF 20).

[2] *See* Complaint, ¶¶ 238 – 239 (ECF 1).

1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683

Page 2

As a condition precedent to bringing a claim under 815 ILCS 5/12, a plaintiff must provide notice of its election to rescind within six months after having knowledge of its claim.[3] *See* 815 ILCS 5/13 (A) and (B); *In re Bibox Group Holdings Secs. Litig.*, 2021 U.S. Dist. LEXIS 101483, *3 (S.D.N.Y. May 28, 2021) ("in order to rescind a sale of securities made in violation of the Illinois Securities Act, the plaintiff must have provided 'notice' to 'each person from whom recovery will be sought' within 6 months 'after the purchaser shall have knowledge that the sale of the securities to him or her is voidable.'"); *Nat'1 Credit Union Admin. Bd. v. Morgan Stanley & Co.*, 2014 U.S. Dist. LEXIS 7809, *9 (S.D.N.Y. Jan. 22, 2014) (This "notice requirement is more properly categorized as a 'condition precedent' than a 'statute of limitations.'").

"Accordingly, in order to survive a motion to dismiss an Illinois Blue Sky claim, the plaintiff must plead compliance with the notice requirements of such notice provision." *In re Bibox*, 2021 U.S. Dist. LEXIS 101483,*3 (*citing 766347 Ontario Ltd. v. Zurich Capital Markets, Inc.*, 249 F.Supp.2d 974, 988-89 (N.D. Ill. 2003); *Reshal Assocs., Inc. v. Long Grove Trading Co.*, 754 F.Supp. 1226, 1236 (N.D. Ill. 1990)).

Nowhere in the Complaint does Plaintiff allege that it complied with 815 ILCS 5/13(B) by providing notice of an election to rescind. Standing alone, Plaintiff's failure to plead compliance with the notice requirement of 815 ILCS 5/13(B) requires dismissal of Plaintiff's ISL Claim. *See In re Bibox*, 2021 U.S. Dist. LEXIS 101483 (denied motion to reconsider order dismissing complaint for failure to plead compliance with notice of election requirement); *Endo v. Albertine*, 812 F. Supp. 1479, 1496 (N.D. Ill. 1993) (dismissed complaint for failure to plead compliance

---

[3] "Every sale of a security made in violation of this provisions of this Act shall be voidable at the election of the purchaser exercised as provided in subsection B of this Section; …" 815 ILCS 5/13 (A). "Notice of any election provided for in subsection A of this Section shall be given by the purchaser within 6 months after the purchaser shall have knowledge that the sale of the securities to him or her is voidable, …" 815 ILCS 5/13 (B).

with notice of election requirement); *Denten v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 887 F. Supp. 176 (N.D. Ill. 1995) (similar holding); *Reshal Associates, Inc. v. Long Grove Trading Co.*, 754 F.Supp. 1226, 1236 (N.D. Ill. 1990) (similar holding); *Renovitch v. Stewardship Concepts, Inc.*, 654 F.Supp. 353, 359 (N.D. Ill 1987) (similar holding).  Because Plaintiff failed to plead this necessary element, the ISL Claim must be dismissed as a matter of law.

Furthermore, Plaintiff cannot now amend its Complaint to correct this deficiency. As acknowledged in the Complaint, Plaintiff filed a separate action against the Griffin Defendants on May 2, 2025 (*Cori-Schubert De Cori Trustee of Cori-Schubert De Cori Revocable Trust individually and derivatively on behalf of all members of HASelect-Waterford, LLC v. HASelect-Waterford LLC, et al.*, Case No. 2025CH04936) in the Circuit Court of Cook County, Illinois, Chancery Division (the "Illinois Litigation") in which Plaintiff asserted "substantially similar claims" … "based on the same core factual allegations asserted herein."[4]  As such, Plaintiff undoubtedly had knowledge of the underlying allegations on which its ISL Claim is based by no later than May 2, 2025.  Therefore, the six-month window to provide notice of an election to rescind expired by November 2, 2025 at the absolute latest.

Moreover, the Complaint alleges (i) the supposed fraud involving discount rate manipulation on which the ISL Claim is based was discoverable as early as 2024, (ii) the actual discount rates and methodologies used to value Plaintiff's investment were disclosed in Marcum's annual audit reports dating back to 2017, (iii) Plaintiff's final investment was made in December 2021, (iv) HASelect Waterford, LLC suspended redemptions in December 2021 and incurred

---

[4] *See* Complaint, ¶ 172 (ECF 1).  Neither Plaintiff's original complaint filed in the Illinois Litigation on May 2, 2025 nor its first amended complaint also filed in the Illinois Litigation on June 3, 2025 make any effort to plead compliance with the notice of election requirements of 815 ILCS 5/13(B).

Page 4

annual losses in 2022, 2023, and 2024, and (iv) a supermajority of investors demanded a change in management on April 7, 2023.[5]  Such allegations show that Plaintiff had constructive knowledge[6] of the ILS Claim by at least 2024 and that the six-month period for providing notice of an election to rescind ran out even before the filing of Plaintiff's complaint in the Illinois Litigation.

Finally, the Complaint confirms that Plaintiff has not yet made any election to rescind of which it could provide notice.  Paragraph 246 of the Complaint asserts that Plaintiff is entitled to "(a) rescission (return of all consideration paid less amounts distributed plus interest); (b) actual damages **if rescission not elected**; and (c) cost and attorneys' fees."[7] ((ECF 1 - Emphasis added).  Because the six-month window for Plaintiff to provide notice of an election to rescind is now closed, Plaintiff's ISL Claim must be dismissed as a matter of law.

## II.    PLAINTIFF'S ISL CLAIM IS NOT ALLEGED WITH PARTICULARITY

Claims for violations of the Illinois Securities Law based on allegations of fraud are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).  *See Gandhi v. Sitara Capital Mgmt., LLC*, 689 F. Supp. 2d 1004, 1013 (N.D. Ill. 2010).  A complaint alleging fraud must provide the "the who, what, when, where, and how" in order to satisfy the requirements of Fed. R. Civ. P. 9(b).  *See U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 605 (7th Cir. 2005) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).  Here, Plaintiff's ISL Claim is plainly based on "averments of fraud" that require compliance with Fed. R. Civ. P. 9(b).[8]

---

[5] *See* Complaint, ¶¶ 27, 59-60, 111-117, 158, 179, 212 (ECF 1).

[6] The six-month notice period under 815 ILCS 5/13(B) runs from the date that the plaintiff has constructive knowledge of voidability; actual or subjective knowledge is not required.  *In re Bibox*, 2021 U.S. Dist. LEXIS 101483 (*citing Buehl v. Dayson*, 127 Ill. App. 3d 958, 469 N.E. 2d 403, 409, 82 Ill. Dec. 869 (Ill. App. 1984).

[7] *See* Complaint, ¶ 246 (ECF 1).

[8] *See* Complaint, ¶ 240 (ECF 1).

Furthermore, Plaintiff's ISL Claim relies on allegations of equitable tolling and fraudulent concealment[9] to survive both the six-month limitation period discussed above and the three-year statute of limitations that applies to the ISL Claim under 815 ILCS 5/13(D) as Plaintiff did not make any new investment in reliance on any misrepresentation or omission and could not have redeemed after the gating occurred December 2021.[10]   As such, the specific facts supporting Plaintiff's claim of fraudulent concealment are also subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).  *See Zirvi v. Flately*, 433 F. Supp. 3d 448, 462 (S.D.N.Y. 2020) (citation omitted).

Equitable tolling based on fraudulent concealment is only available where "(1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014).   The Complaint does not plead fraudulent concealment with the heightened particularity required under Fed. R. Civ. P. 9(b).   Instead, Plaintiff relies only on broad generalizations and assumptions.  The Complaint does not sufficiently identify material facts that were wrongfully concealed, explain how any such concealment prevented the discovery of the ISL Claim, or identify any due diligence exercised by Plaintiff.

The Griffin Defendants are entitled to the specific "who, what, when, where, and how" of the alleged facts underlying the ISL Claim, including Plaintiff's claim of fraudulent concealment. The Complaint fails to provide that information.  Consequently, the ISL Claim must be dismissed

---

[9] *See* Complaint, ¶ 179,183, 245 (ECF 1).

[10] *See* Complaint, ¶¶ 18, 110, 127 (ECF 1).

Page 6

as a matter of law.

Sincerely,

Bart K. Larsen, Esq.


cc:    All counsel of record (via ECF)

4922-0237-2018, v. 1